**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **JUDY GAUTHIER, Individually and on behalf of LARRY GAUTHIER and his estate, *et al.*,** | § | |
| ***Plaintiffs,*** | § | |
| **v.** | § | **CIVIL ACTION NO. 1:07-CV-12-TH-KFG JURY** |
| **UNION PACIFIC RAILROAD COMPANY, *et al.*,** | § | |
| ***Defendants.*** | § | |

## ORDER ON MOTIONS

*Plaintiffs' Motion for Reconsideration of Order on Plaintiffs' Discovery Motions (Doc. 111)* [Clerk's Docket No. 114], and *Defendants' Motion for Reconsideration of Magistrate Judge Giblin's 5/1/2009 Order on Discovery Motions* [Clerk's Docket No. 126], filed May 15, 2009, are before the Court. The Court has determined that the first motion is moot, and that the Magistrate's subsequent ruling is correct. The first motion to reconsider will therefore be **DENIED AS MOOT**, and the second **DENIED.**

Also before the Court is the parties' agreed *Motion to Consolidate* [Clerk's Docket No. 135], filed May 21, 2009. The parties have asked this Court to consolidate the recently-removed, state court action [Clerk's No. 1:09-CV-361] involving the same accident with this case, arguing that the cases involve common questions of law and fact. The Court agrees, and the motion will be **GRANTED.**

The Court is also aware of the attorneys' scheduling problems in this case, and of the need for additional time to conduct the discovery ordered on May 1, 2009. For these reasons, the Court

will AMEND the current scheduling order and CONTINUE trial in this matter.

**DISCUSSION**

This case arose from a collision in Vinton, Louisiana between a vehicle driven by Plaintiff Larry Gauthier and a train operated by Defendant National Railroad Passenger Corporation (Amtrak). Mr. Gauthier was killed, and his family members brought suit alleging that the vehicle crossing, owned and controlled by Defendant Union Pacific, was unsafe for various reasons.

Plaintiffs sought information from Defendant Union Pacific regarding the company's policies and procedures relating to the maintenance and improvement of rail crossings, and the interaction of those policies and procedures with the governing Federal, State and Municipal bodies with oversight of such matters. To that end, Plaintiffs sought to compel the depositions of John Hemmer, Senior Vice President, Law, and General Counsel; Richard Davidson, the retired Chairman and Chief Executive; James Young, the current Chairman, President and Chief Executive; and Dennis Duffy, the Executive Vice President of Operations. [Clerk's Docket Nos. 64, 65, 74].

The Magistrate Judge granted Defendants' Motion to Quash and Motion for Protection [Clerk's Docket Nos. 75, 78 and 79], finding that while Texas "apex doctrine" did not apply in this federal matter, the Plaintiffs should nonetheless have sought the information through less intrusive means. The Magistrate's Order made clear that if the Plaintiffs could not obtain the sought after, relevant information through deposition of lower-level employees and the company's Rule 30(b)(6) representative, then the matter of deposing the executives would be revisited. The Magistrate based his ruling on the authority to manage discovery conferred by Rule 26 and *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979).

Plaintiffs conducted their discovery, and deposed Union Pacific's Rule 30(b)(6) representative. Still unsatisfied with the consistency or veracity of the answers, Plaintiffs filed another motion to compel shortly after the end of the discovery period. [Clerk's Docket No. 92]. The Magistrate Judge initially denied the motion, finding that the Plaintiffs had not shown good cause to modify the Court's Scheduling Order. Subsequently, the Magistrate Judge revisited the issues and ordered that the depositions take place [Clerk's Docket No. 125]. Plaintiffs also sought, shortly after the close of discovery, a deposition upon written questions of Cliff Shoemaker, a retired director for

Union Pacific, whom they had deposed in August, 2008. [Clerk's Docket No. 101]. The Magistrate Judge initially denied that motion as well, but later allowed the deposition in the same order referenced above.

Pretrial matters referred to a Magistrate for disposition may be reconsidered by the referring District Judge "where is has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Under that standard, or for that matter under *de novo* review, this Court is satisfied, upon review of the record, that the Magistrate Judge's final ruling in this matter is correct and will be left undisturbed.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion for Reconsideration of Order on Plaintiffs' Discovery Motions (Doc. 111)* [Clerk's Docket No. 114] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that *Defendants' Motion for Reconsideration of Magistrate Judge Giblin's 5/1/2009 Order on Discovery Motions* [Clerk's Docket No. 126] is in all things **DENIED.** The parties shall complete the discovery ordered by Judge Giblin on or before June 22, 2009.

**IT IS FURTHER ORDERED** that the parties' agreed *Motion to Consolidate* [Clerk's Docket No. 135] is in all things **GRANTED.** The Clerk of the Court is directed to consolidate Case Number 1:09-CV-361 with this one, and all further filings shall be made in this case.

**IT IS FURTHER ORDERED** that the following deadlines shall apply in this case:

| | |
|---|---|
| June 22, 2009 | Discovery ordered in Magistrate Judge's Order of May 1, 2009 must be completed by this date. |
| July 17, 2009 | Amended Joint final pre-trial order due. Defense counsel is responsible for assembling the parties' submissions and filing the proposed order. *See* Appendix D to the LOCAL RULES. |
| July 17, 2009 | Amended Motions in limine due. |

| | |
|---|---|
| July 17, 2009 | Proposed jury instructions and verdict form due. Counsel for plaintiff is responsible for filing the joint proposed jury instructions and verdict form. Instructions should include a citation to the source of each proposed instruction. Those portions of the instructions on which counsel cannot agree shall be set be set forth in bold face type. Counsel for plaintiff shall also provide the instructions to the Court on a CD (WordPerfect compatible). |
| July 24, 2009 | Responses to motions in limine due. |
| July 24, 2009 | Pre-trial objections due. Objections to the use of depositions, documents, certified business records, summaries of evidence and exhibits at trial. Objections not made at this time, with the exception of objections under FEDERAL RULES OF EVIDENCE 402 and 403, shall be deemed waived. |
| July 31, 2009 | Responses to pre-trial objections due. |
| August 7, 2009 | Pre-marked exhibit list due. |
| August 7, 2009 | Pre-trial exchange. Counsel shall exchange: (1) trial witness lists and (2) demonstrative exhibits to be utilized in opening statements and trial that will not be offered into evidence. |
| August 10, 2009 | Pre-trial hearing and jury selection. |

**SO ORDERED.**

**SIGNED** this the **22** day of **May, 2009.**

Thad Heartfield
United States District Judge